[No. 2,283.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* CHARLES SHIMMINS, J. M. TEWKSBURY, ET AL.

ASSESSMENT OF LAND AS AN ENTIRETY.—The San Pablo Rancho was assessed as an entirety to a large number of owners; some of the owners individually paid taxes upon thirteen thousand five hundred and ninety-

eight acres, leaving four thousand three hundred and thirty-eight acres, owned by numerous persons, upon which the taxes were unpaid. Judgment was rendered against certain persons who were assessed, for delinquent taxes, ordering the sale of a certain number of acres undivided, without designating the interests of the judgment debtors in the land. *Held*, to be erroneous.

Assessment to Copartners, etc.—Where land is assessed as an entirety to numerous persons, without designating the interest of any one of them, it is an assessment to them as copartners, joint tenants, or tenants in common, and not as owners in severalty.

Idem.—Duty of Court to Exonerate Owners not Delinquent.—If such an assessment be legal, it would be the duty of the Court, in giving judgment for delinquent taxes upon the land, to ascertain by its judgment what particular undivided interests in the land were delinquent, and to exonerate from the lien for the delinquent tax the interests of those who had already paid their proportion of the general burden.

Sale of Undivided Interest in Land for Taxes. Query?—Whether, under an assessment to several persons of a tract of land *in solido* and as an entirety, an undivided interest can, in any case, be sold for a delinquent tax.

How Assessment Should be Made.—It is the better practice to assess each particular person who claims an interest in a tract of land according to his interest or claim of title, and not to assess the whole tract *in solido* to all those who claim an interest in it.

Right to be Assessed in Severalty.—When a person holds an interest in a tract of land in severalty, he is entitled to be assessed for his particular tract only.

Appeal from the District Court of the Fifteenth Judicial District, Contra Costa County.

The San Pablo Rancho, consisting of seventeen thousand nine hundred and thirty-six acres, having been assessed as an entirety to numerous owners, without designating the individual interests, and the taxes upon a portion of it remaining unpaid, this suit was brought to enforce the payment of the delinquent taxes. The plaintiff had judgment, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*B. S. Brooks*, for Appellants, argued that the whole of the ranch having been assessed as an entirety, there was no

authority for selling an undivided interest, and the judgment for that purpose was erroneous.

*H. Mills, District Attorney,* and *Jo Hamilton, Attorney General,* for Respondents.

By the Court, CROCKETT, J.:

I have carefully reviewed the questions which are involved in this case, and am satisfied that the judgment of the Court below cannot be sustained.   The San Pablo Rancho, containing about four leagues, was assessed, as an entirety, to about one hundred persons; but whether as copartners, tenants in common, joint tenants, or as owners, claimants, or occupants in severalty, does not appear on the face of the assessment. At the trial the Court found that the taxes had been paid on the whole rancho, except an undivided interest therein of four thousand three hundred and thirty-eight acres, and that the defendant, Tewksbury, had paid the tax on all his interest in the rancho.   The judgment was that the lien for so much of the tax as was delinquent should be. enforced by a sale of so much as was necessary of the undivided interest of four thousand three hundred and thirty-eight acres.   But the judgment and the assessment do not designate to what particular persons this undivided interest was assessed.   Indeed, no specific undivided interests were assessed to any particular persons; but the whole rancho, *in solido,* was assessed as an entirety to numerous persons, without designating the interest of any one of them.   This can be regarded in no other light than as an assessment to the several persons as copartners, joint tenants, or tenants in common, and not as owners or claimants in severalty.   If it be admitted that such an assessment is unobjectionable, and in strict conformity with the statute, and that any one or more of the persons assessed may pay his or their proportion of the tax, and thus exonerate his or their interest in the land, it would

be the duty of the Court, in that event, to ascertain by its judgment what particular undivided interests in the land were delinquent, and to exonerate from the lien for the delinquent tax the interests of those who had already paid their proportion of the general burden. Unless this be the proper rule there would be no method by which it could be ascertained what particular undivided interest was to be sold in satisfaction of the delinquent tax. Purchasers could not know what particular interests they were buying, and those of the owners who had already paid their just proportion of the tax would be forced to pay the whole, in order to protect their own interests from sale, for a tax which they did not justly owe. All this difficulty and hardship may be avoided by ascertaining what particular undivided interests were delinquent, and subjecting these, and these only, to sale. In this case a different course was pursued, and the Court ordered to be sold only an undivided interest equal to a specified number of acres, without designating to whom this interest belonged, or had been assessed, and without exonerating the remaining interests of those persons who had already paid their proportion of the tax.

For this reason the judgment must be reversed, but we reserve our opinion upon the point whether under an assessment of a tract of land *in solido*, and as an entirety, an undivided interest can, in any case, be sold for a delinquent tax. Whatever may be our ruling on this point, when it becomes necessary to decide it, we may say in advance, that it is certainly the better practice to assess each particular person who claims an interest in a tract of land according to his interest or claim of title, and not to assess the whole tract *in solido* to all those who claim an interest in it, as appears to have been done in this case. The mode of assessment here indicated would, doubtless, impose some additional labor on Assessors, but would greatly simplify the collection of taxes, and prevent much needless embarrassment and confusion in

titles. And it is quite certain that when a person holds a tract of land in severalty, he is entitled to be assessed for his particular tract only, and not as a tenant in common with a hundred others claiming a large tract, which includes the particular tract.

Judgment reversed and cause remanded for a new trial.